IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY V. SKIBA, Trustee,<br><br>Appellant,<br><br>v.<br><br>DENNIS C. PLONSKI and<br>LINDA M. PLONSKI,<br><br>Appellees. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-150Erie<br>)   Bankruptcy Court No. 04-10084<br>)<br>)<br>)<br>) |

### OPINION

This is an appeal by Trustee Gary V. Skiba ("Trustee") from the bankruptcy court's Order dated April 12, 2005, which denied his objections to certain exemptions claimed from the bankruptcy estate Debtors Dennis and Linda Plonski ("Debtors").

The legal question before us on appeal is whether pensions in the forms of annuities under §§ 403 (b) and 401 (a) of the Internal Revenue Code are properly excluded from the property of the bankruptcy estate under § 541 (c) (2) of the Bankruptcy Code, 11 U.S.C. § 541 (c) (2). The bankruptcy court concluded that this property was excludable, and the Trustee has appealed.

For the reasons set forth below, we will reverse and remand.

### Standard of Review

We have appellate jurisdiction over the bankruptcy court's final order under 28 U.S.C. § 158(a). A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995). We have plenary authority to review the bankruptcy court's legal conclusions. *Id.*

As no factual issues are in dispute in this matter, our review here is plenary.

### Background

The undisputed facts are as follows: on January 12, 2004, the Debtors filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code. The petition was converted to Chapter 7 on October 28, 2004.

At issue are pensions held by Debtor Linda C. Plonski. Debtors' original Schedule B shows that Linda Plonski had a pension from the Hamot Medical Center, valued at $14,665.00. This pension was a qualified annuity under § 403 (b) of the Internal Revenue Code. A portion of this pension was claimed as excluded from the estate under the general exemption in § 522 (d) (5). Schedule B also lists a second Hamot pension plan for Linda Plonski, with a value of $15,617.00. This pension is qualified under IRC § 401 (a). It is unclear whether this pension plan is or is not an annuity. $5,900.00 of this § 401 (a) pension was exempted from the estate under the general exemption in § 522 (d) (5).

The trustee filed a timely objection to the Debtors' claim that the balance of these pensions should be excluded from the bankruptcy estate under § 541 (c) (2). The Trustee argued that to the extent that Linda Plonski's pensions would be annuities under § 403 (b) of the Internal Revenue Code, they could not be excluded because they were not trusts.

The Debtors subsequently filed an amendment to Schedules B and C, which clarified the exact amounts contributed by the employer and employee and increased the value of the § 403 (b) pension to $17,595.00, of which the debtors exempted $8,203.00 under § 522 (d) (5). there was no change in the value of the § 401 (a) pension. Thus the sum at issue in this appeal is $19,109.00.

The Trustee objected to the amended claim for exemption, on the same grounds as the objection to the previous claim. By Order dated April 12, 2005, the bankruptcy judge refused the Trustee's objections. In lieu of a written opinion the court relied on its reasoning in the case of *In re Gould*, 322 B.R. 741 (Bankr. W.D. Pa. 2005), which issued that same day. This appeal followed.

### Discussion

Under § 541 (c) (1) of the Bankruptcy Code, a bankruptcy estate includes "all legal or equitable interests of the debtor in property" when the bankruptcy petition is filed, "except as provided in subsections (b) and (c) (2) of this section." 11 U.S.C. § 541 (c) (1). At issue here

is the exception set forth in subsection (c) (2), which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541 (c) (2). Courts have held that "applicable nonbankruptcy law" includes both federal law, such as ERISA, and state law. *Patterson v. Shumate*, 504 U.S. 753, 658 (1992); *Velis v. Kardanis*, 949 F.2d 78, 80-81 (3d Cir. 1991).

### The Decision of the Bankruptcy Court in *In re Gould*

The bankruptcy court did not write a separate opinion on the Plonskis' case. Instead, it issued an order denying the Trustee's objection to Debtors' claim and amended claim for exemption, in accordance with its own contemporaneous opinion in *In re Gould*. 322 B.R. 741 (W.D. Pa. 2005). (Order dated Aril 12, 2005 (Doc. 127)).

*Gould* involved a tax sheltered annuity pension plan qualified under § 403(b), which contained anti-alienation language. The debtors sought to have the annuity excluded from the estate. The Trustee objected, as he does in the case before us, arguing that the Gould plan could not be excluded because it was an annuity and not a trust, and only an interest in a trust could be the subject of an enforceable transfer restriction under the plain meaning of § 541 (c) (2).

The bankruptcy court denied the Trustee's objection, and held that the annuity pension plan did not have to qualify as a trust in order to be excluded from the Goulds' bankruptcy estate under §541 (c) (2). The bankruptcy court acknowledged that there is a conflict of authority on the issue of whether annuity pension plans that are tax qualified under § 403 (b) can be excluded. In deciding that the pension could be excluded, the bankruptcy court relied primarily on *Patterson v. Shumate*, 504 U.S. 753 (1992), and on the dissenting opinion in the Sixth Circuit decision of *In re Adams*, 302 B.R. 535 (6th Cir. BAP 2003).

In *Patterson*, the United States Supreme Court addressed a split in the circuits as to whether the phrase "applicable nonbankruptcy law" in § 541 (c) (2) only applied to state law, or whether it also applied to an ERISA-qualified pension plan. The Supreme Court rejected the

argument that the applicable nonbankruptcy law could only be state law, and held that it includes federal law and, specifically on the facts of that case, encompassed the anti-alienation provision in an ERISA-qualified plan. The Supreme Court held that the anti-alienation provision required in all ERISA-qualified plans constituted an enforceable restriction on transfer within the plain language of § 541 (c) (2), and, therefore, a debtor's interest in an ERISA-qualified pension plan could be excluded from the bankruptcy estate. 504 U.S. at 757-760.

In reaching this conclusion, the Supreme Court stated that "[t]he natural reading of [§ 541 (c) (2)] entitles a debtor to exclude property of the estate in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Id.* at 758.

The dissent in the Sixth Circuit decision of *In re Adams* relied on this phrase "plan or trust" from *Patterson,* and held that the debtors' interest in a pension plan that was not a trust was nevertheless excludable. And the bankruptcy court, in turn, adopted the *Adams* dissent's expansive reading of § 541 (c) (2) in deciding both *In re Gould*, and, without opinion, *In re Plonski*.

The Trustee argued that the statute must be read literally to require a trust before a pension could be excluded. This was the position taken by the majority in *Adams*. The bankruptcy court rejected that position. The bankruptcy court acknowledged a conflict among the courts as to whether annuity pension plans which are tax-qualified under § 403 (b) may be excluded from the bankruptcy estate in accordance with § 541 (c) (2). 322 B.R. at 742. However, the bankruptcy court was persuaded by *Patterson* and the *Adams* dissent that a pension plan does not have to qualify as a trust to be excluded. Accordingly, the bankruptcy court held that the Goulds' annuity (and, per that court's order, the annuities at issue in *Plonski* as well) were properly excluded from the bankruptcy estates. 322 B.R. at 741.

### *In re Gould* is Reversed

On appeal, however, *In re Gould* was reversed and remanded. *Skiba v. Gould*, 337

B.R. 71 (W.D.Pa. 2005). The district court firmly rejected the bankruptcy court's conclusion that a pension plan that was not a trust could be excluded from the bankruptcy estate under § 541 (c) (2). 337 B.R. at 74. The district court reasoned that the plain language of the statute limits the exemption to pension plans which are trusts. *Id.* Since the pension plan at issue was an annuity, and not a trust, the district court found that the bankruptcy court had failed to correctly apply the law and the case was reversed and remanded.

In reaching this conclusion, the district court found that the Court of Appeals for the Third Circuit's decision in *Orr v. Yuhas* was controlling. 104 F.3d 612 (3d Cir. 1997). The bankruptcy court had not addressed this case. *Yuhas*, which was decided five years after the *Patterson* opinion was handed down, applied that decision to the question of whether a New Jersey statute that exempted property held in a qualifying trust from the bankruptcy estate could exempt the debtor's individual retirement account ("IRA") under § 541 (c) (2). The specific issue before the Third Circuit in *Yuhas* was whether the New Jersey statute was a "restriction on the transfer of a beneficial interest of the debtor in a trust under applicable nonbankruptcy law" within the meaning of § 541 (c) (2), which would serve to exempt the IRA from the estate. The court of appeals reasoned that, under *Patterson*, if a debtor's IRA met all of the requirements of § 541 (c) (2), the statute was such a restriction and the IRA it must be completely excluded from the bankruptcy estate. *Id.* at 614.

In *Yuhas*, the Third Circuit set forth the following requirements for applying § 541 (c) (2) to determine whether a pension plan can be excluded from a bankruptcy estate: (1) the IRA must constitute a "trust" within the meaning of 11 U.S.C. § 541 (c) (2); (2) the funds in the IRA must represent the debtor's "beneficial interest" in that trust; (3) the IRA must be qualified under § 408 of the Internal Revenue Code; (4) the provision [of the New Jersey statute] must be a "restriction on the transfer" of the IRA funds; and (5) this restriction must be "enforceable under nonbankruptcy law." *Yuhas*, 104 F.3d at 614. Only the fourth element was contested in *Yuhas*. The court concluded that the New Jersey statute was such a restriction and therefore the

IRA was exempt.

The district court noted that since *Yuhas*, courts in this and other jurisdictions have held that only a trust may be excluded from the bankruptcy estate. 337 B.R. at 74 (citing *In re Williams*, 290 B.R. 83 (Bankr.E.D. Pa. 2003); *In re Fulton*, 240 B.R. 854 (Bankr. W.D.Pa. 1999); *In re Adams*, 302 B.R. 535 (6th Cir. BAP 2003); *In re Wendt*, 320 B.R. 904 (Bankr.D.Minn. 2005); *In re Quinn*, 299 B.R. 450 (Bankr.W.D. Mich. 2003); *In re Barnes*, 264 B.R. 415 (Bankr.E.D.Mich. 2001)).

Reading *Patterson* in light of *Yuhas*, the district court rejected the bankruptcy court's conclusion that § 541 (c) (2) encompassed pension plans other than trusts, and reversed and remanded *In re Gould*.

### *In re Plonski* on Appeal

This brings to the instant appeal. The Trustee here argues that after *In re Yuhas* the Third Circuit requires that there be a trust for a pension to be excluded under 541 (c) (2). The Trustee urges us to adopt the district court's reasoning in *Gould*, reverse the bankruptcy court, and find that the Plonski pension plans cannot be excluded from the bankruptcy estate because they are not trusts.

The Debtors argue that the case was properly decided by the bankruptcy court under *Patterson*. As we have said, that court did not discuss *Yuhas*. The Debtors here assert that "*Yuhas* is a paraphrase of *Shumate v. Patterson, supra.* that the restriction under non-bankruptcy law denying the asset to the estate can be external to a plan." (Debtors' Br. at 4).[1]

We do not read *In re Yuhas* so restrictively. We recognize that *Yuhas* is not on all fours with the facts of either *Gould* or *Plonski*, because the pensions in these actions either are or are presumed for purposes of this appeal to be annuities, while the pension at issue in *Yuhas* was an

---

[1] The Debtors also correctly point out that the record in this case contains no findings on whether the pension plans at issue actually create a trust, but they agree that for purposes of this appeal, it is assumed that the plans do not establish a trust under Pennsylvania law. (Debtors' Br. at 3).

6

IRA. However, we find nothing in the Third Circuit's reasoning to indicate that the requirements it sets out for applying § 541 (c) (2) should be restricted only to an IRA.

We agree with the District Court's reasoning in *Gould*. Section 541 (c) (2), clearly provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." § 541 (c) (2). From the plain language of the statute we conclude that "only a debtor's beneficial interest in a *trust* may be excluded from the bankruptcy estate pursuant to that subsection." *In re Gould*, 337 B.R. at 74. Moreover, in this jurisdiction we must read *Patterson* in conjunction with *Yuhas*, and we are obliged to follow the test set out by the Third Circuit in that decision. The first two elements of that test require that we determine whether the pension constitutes a "trust" within the meaning of § 541 (c) (2), and whether the funds in the pension represent the debtor's "beneficial interest" in that trust. *Yuhas*, 104 F.3d at 614. In this case, the parties agree for purposes of this appeal that the plans do not establish a trust. Therefore, under *Yuhas*, we cannot find that the pension funds at issue should be exempt from the Plonski's bankruptcy estate under § 541 (c) (2).

### Conclusion

Accordingly, we conclude that the bankruptcy court failed to apply the appropriate law to the facts of this case, and we will reverse the decision of the bankruptcy court and remand for entry of an order consistent with this Opinion.

An appropriate Order follows.

October 31, 2006
Date

Maurice B. Cohill, Jr.
Senior United States District Judge